IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA GIUSTI-MANGIAMELI,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIMORTGAGE, INC.,<br><br>    Defendant                             / | No. C-06-3428 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE; VACATING HEARING** |

     Before the Court is defendant Citimortgage, Inc.'s motion, filed June 30, 2006, to transfer the above-titled action pursuant to 28 U.S.C. § 1404(a). Plaintiff Linda Giusti-Mangiameli has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on those submissions, VACATES the hearing scheduled for August 11, 2006, and rules as follows.

     For the reasons stated in defendant's motion and reply, the Court finds that the above-titled action should be transferred to the Central District of California, for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. § 1404(a). In particular, as defendant points out, (1) plaintiff's choice of forum is entitled to little deference, given that no part of her claims arose in this District; (2) the operative facts pertaining to plaintiff's claims for overtime and other wages arose in the Central District, the

location where plaintiff worked for defendant; (3) plaintiff resided in the Central District when her claims arose, and she continues to reside there; (4) although defendant's principal place of business is not in California, defendant's West Coast operations office is located in the Central District; (5) neither party has identified any person residing in this District who might provide relevant testimony with respect to plaintiff's claims, whereas defendant has noted the presence of numerous potential witnesses in the Central District, such as the persons who trained plaintiff, the individuals who managed and supervised plaintiff, plaintiff's co-workers, and clients for whom plaintiff performed services; and (6) neither party has identified any relevant physical evidence located in this District, whereas defendant has identified a substantial amount of such evidence located in the Central District.  See Jones v. GNC Franchising, Inc., 211 F. 3d 495, 498 (9th Cir.) (setting forth factors to be considered on motion to transfer for convenience, including plaintiffs' choice of forum, situs of operative facts from which plaintiffs' claims arise, and location of relevant witnesses and other sources of proof), cert. denied, 531 U.S. 928 (2000); Pacific Car and Foundry Co. v. Pence, 403 F. 2d 949, 954 (9th Cir. 1968) (holding where operative facts from which plaintiff's claim arise do not occur in chosen forum, plaintiff's choice not accorded usual degree of deference).

Plaintiff argues the above factors are outweighed by the fact that she seeks to proceed on behalf of a class and that some of the potential class members work or have worked for defendant in this District.  Defendant, however, has offered evidence, undisputed by plaintiff, that all persons holding the same job title as plaintiff are trained in the Central District, (see Carley Decl. ¶ 4), and, additionally, has shown that a greater number of potential class members work or have worked for defendant in the Central District than in this District, (see Payne Decl. ¶¶ 2, 3).  Further, plaintiff has not identified any potential class representative other than herself, and she alleges her individual claim, which has no connection with this District, is "typical" of the claims of all potential class members.  (See Compl. ¶ 8.)  Consequently, the presence of potential class members, under the circumstances herein, either weighs in favor of transfer or, at best, is neutral.

Accordingly, defendant's motion to transfer will be granted.

## CONCLUSION

For the reasons stated, defendant's motion is hereby GRANTED, and the matter is hereby TRANSFERRED to the Central District of California.

**IT IS SO ORDERED.**

Dated: August 7, 2006

MAXINE M. CHESNEY
United States District Judge